UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>INTERNATIONAL BENEFITS GROUP., INC.,<br><br>      Debtor.<br><br>JONATHAN KOHN, TRUSTEE,<br><br>      Plaintiff,<br><br>vs.<br><br>HAYMOUNT LIMITED PARTNERSHIP, LP, WESTMINSTER ASSOCIATES II, INC., HAYMOUNT CORPORATION, JOHN CLARK, EDWARD J. MILLER, JR., and AMERICAN PROPERTY CONSULTANTS, LTD.,<br><br>      Defendants. | <br><br><br><br><br><br><br><br><br><br>Civil Action No. 06-2363 (KSH)<br><br><br><br><br><br><br><br><br><br>**OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

**I.    INTRODUCTION**

    International Benefits Group, Inc. ("IBG" or "debtor") filed a voluntary petition for Chapter 11 bankruptcy on July 22, 2004, which was converted to a Chapter 7 bankruptcy case on June 21, 2005. The bankruptcy court appointed plaintiff Jonathan Kohn ("Kohn") as the trustee in the Chapter 7 case. On March 21, 2006, Kohn filed an adversary proceeding in the bankruptcy court, asserting various state law claims arising from an alleged breach of contract with the debtor. The alleged breach of contract occurred prior to the bankruptcy filing.

1

Defendants Haymount Limited Partnership, LP, Westminster Associates II, Inc., Haymount Corporation, John Clark, and Edward J. Miller, Jr. have brought a motion to withdraw the reference to the United States Bankruptcy Court so the case may be heard by this Court. Kohn has not opposed the motion. For the reasons that follow, the Court will grant the defendants' motion to withdraw the reference to the bankruptcy court.

**II.   BACKGROUND**

According to the complaint, in September 2002 defendant Haymount Limited Partnership, LP ("Haymount") entered into an agreement with IBG, pursuant to which IBG would attempt to find lenders to finance Haymount's planned development of 1,700 acres in Virginia. (Complaint ¶¶ 18-20.) Under the terms of that contract, if Haymount procured a loan with a lender that IBG provided, Haymount would pay IBG a $3,000,000 "loan fee." (Complaint ¶¶ 24-25.) In November 2002, IBG introduced Haymount to defendant American Property Consultants, Ltd. ("APC"). (Complaint ¶ 30.) IBG explained to Haymount that APC "was a source of financing, but was not in the business of financing projects directly." (Complaint ¶ 33.) IBG states that it had a "justifiable expectation" that it would be paid its fee under the contract if APC introduced Haymount to a lender that financed the development project. (Complaint ¶ 34.) In late 2003, APC introduced Haymount to General Motors Acceptance Corporation ("GMAC"). (Complaint ¶ 37.) In July 2004, Haymount closed on a loan through GMAC to finance the development project, and paid a commission to APC.. (Complaint ¶ 60.) Haymount never paid a fee or commission to IBG.. (Complaint ¶ 61.) IBG filed for bankruptcy on July 22, 2004. (Complaint ¶ 57.)

Kohn, the trustee in bankruptcy, filed a five-count complaint on March 21, 2006,

alleging breach of contract and unjust enrichment against Haymount Limited Partnership, LP, Westminster Associates II, Inc., Haymount Corporation, John Clark, and Edward J. Miller, Jr. ("the Haymount defendants"), as well as tortious interference, common law conspiracy, and statutory civil conspiracy against all defendants.

### III. DISCUSSION

According to 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." This Court has referred all proceedings arising under Title 11 to the bankruptcy court pursuant to a standing order of reference dated July 23, 1984. However, according to 28 U.S.C. § 157(d) that reference is subject to both permissive withdrawal and mandatory withdrawal, as follows:

> The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court *shall*, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C.A. § 157(d) (emphasis added).

Defendants argue for permissive withdrawal and contend that the Court should withdraw the reference to the bankruptcy because "[t]his is a 'non-core' proceeding that requires substantial and material consideration of non-bankruptcy state law." (Moving Brief at 3.) In addition, defendants argue, "considerations of judicial economy, uniformity of bankruptcy administration, and the prevention of forum shopping weigh in favor of proceeding in the District Court." (Id.)

3

Before the Court can order a permissive withdrawal from the bankruptcy court, cause must be shown. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990). The most important factor for the Court to consider in deciding whether to withdraw a reference to the bankruptcy court for cause is whether or not the claim is a core proceeding or a non-core proceeding. In re Burger Boys, Inc., 94 F.3d 755, 762 (2d Cir. 1996). Although 28 U.S.C. § 157 does not precisely define "core proceeding," it includes a non-exclusive list of examples of core proceedings in § 157(b), as follows:

> (2) Core proceedings include, but are not limited to--
> (A) matters concerning the administration of the estate;
> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
> (C) counterclaims by the estate against persons filing claims against the estate;
> (D) orders in respect to obtaining credit;
> (E) orders to turn over property of the estate;
> (F) proceedings to determine, avoid, or recover preferences;
> (G) motions to terminate, annul, or modify the automatic stay;
> (H) proceedings to determine, avoid, or recover fraudulent conveyances;
> (I) determinations as to the dischargeability of particular debts;
> (J) objections to discharges;
> (K) determinations of the validity, extent, or priority of liens;
> (L) confirmations of plans;
> (M) orders approving the use or lease of property, including the use of cash collateral;
> (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

> (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and
>
> (P) recognition of foreign proceedings and other matters under chapter 15 of title 11.

28 U.S.C. § 157(b). In addition to considering the above examples from the statute, the Court must also apply the Third Circuit test for a core proceeding. "Under that test, a proceeding is core if it invokes a substantive right provided by title 11 or if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case." Halper v. Halper, 164 F.3d 830, 836 (3d Cir. 1999) (internal citations omitted.).

Although whether or not the claim is core or non-core is the most important factor in determining whether to withdraw a reference to the bankruptcy court, the other factors that the Court should weigh in making this determination are as follows: "the most efficient use of judicial resources," " the delay and . . . the costs to the parties," "uniformity of bankruptcy administration," "prevent[ion of] forum shopping," and "other related factors." In re Burger Boys, Inc., 94 F.3d at 762. Also see In re Pruitt, 910 F.2d at 1168.

The Court does not find the present claim fits within the parameters suggested by the examples of core proceedings listed in § 157(b). The present claim is based on a contractual relationship that was consummated long before IBG's bankruptcy filing, and does not specifically concern the administration of the estate or any of the other scenarios described in that statute. Considering the Third Circuit test for core proceedings from Halper v. Halper, 164 F.3d 830, this claim does not invoke a substantive right provided by Title 11 of the bankruptcy code, nor is it a proceeding that could arise only in the context of a bankruptcy case.

In Beard v. Braunstein, 914 F.2d 434 (3d Cir. 1990), the Chapter 7 trustee brought an

adversary proceeding to recover rents pursuant to a contract entered into prior to the bankruptcy filing.  The Third Circuit held that the claim was a non-core proceeding.  "We conclude that this action, involving pre-petition contracts, allegedly breached both before and after the filing of the petition, is entirely a non-core matter related to a case arising under title 11."  Id. at 445.  Similarly, the Court finds that this claim is a non-core proceeding, having arisen from a pre-petition contract that was allegedly breached prior to the bankruptcy filing, and as such outside the context of the bankruptcy case.

      Moving on to the first two of the other factors that this Court is bound to consider, the most efficient use of judicial resources and delay/cost to the parties, the Court notes that if this proceeding is not withdrawn from the bankruptcy court, the bankruptcy court will not be able to enter any final order or judgment without the "consent of all parties to the proceeding." 28 U.S.C. 157(c)(2).  Because the Haymount defendants have already notified the Court that they "do not consent to the entry of final orders by the Bankruptcy Court" (Moving Brief at 12),  the matter will return to this Court for the entry of any final order or judgment after the bankruptcy court "submit[s] proposed findings of fact and conclusions of law to the district court."  28 U.S.C. 157(c)(1).  The Court does not find this to be an efficient use of judicial resources.  It would be a more efficient use of resources for this Court to consider the matter and make a final decision rather than to maintain the reference to the bankruptcy court, only to bring the matter back to this Court for later re-consideration and a final decision.  In addition, withdrawal of the reference to the bankruptcy court would prevent the inevitable delay and cost to the parties of such a duplication.

      The next factor that this Court must consider is the goal of uniformity of bankruptcy

administration. In <u>In re Pruitt</u>, 910 F.2d 1160 (3d Cir. 1990), a mortgagee initiated foreclosure proceedings against the Pruitts. The Pruitts filed for Chapter 13 bankruptcy, which stayed the scheduled sheriff's sale of their home. Soon thereafter the bankruptcy court dismissed the bankruptcy case with prejudice because the Pruitts failed to file a plan that would have paid the amounts past due under the mortgage note. The mortgagee recommenced the foreclosure proceedings and rescheduled the sheriff's sale. The Pruitts appealed the bankruptcy court decision to the district court. The district court conducted a hearing and stayed the foreclosure proceedings, but did not expressly state that it was withdrawing the reference to the bankruptcy court. The mortgagee appealed and the Third Circuit concluded that the district court had implicitly withdrawn the reference to the bankruptcy court based on that court's decision to stay the proceedings. The court also found that "the withdrawal – on whose authority this stay was premised – was inappropriate," and remanded the case to the district court, finding that "[u]niformity of bankruptcy administration will be jeopardized by taking this case from the bankruptcy court." <u>Id.</u> at 168. The court explained that "the district court has, in effect, derailed the appellate process provided by statute." <u>Id.</u> (quoting <u>Matter of Powelson</u>, 878 F.2d 976, 982 (7th Cir. 1989).)

  The case at bar does not present such considerations. This claim is not an appeal of a bankruptcy decision, nor will its disposition have any affect on the administration of the bankruptcy. Therefore, withdrawal of this claim from the bankruptcy court will not have a comparable affect on the uniformity of bankruptcy administration sufficient to deny withdrawal on uniformity grounds.

  The final factor that this Court must consider prior to deciding a motion to withdraw is

whether the withdrawal has been requested as a means of forum shopping. Forum shopping exists where parties "exert inordinate effort for the purpose of seeking not merely a fair trial but a forum they consider more receptive to their cause, and [it] requires courts to squander public resources in adjudicating the propriety of manipulative efforts to gain access to the forum considered most hospitable to the litigants' interests." Cummings v. U.S., 648 F.2d 289, 290 (5th Cir. 1981). The movants claim that they want the complaint heard by a court "that is well-practiced in evaluating common law and statutory causes of action arising under non-bankruptcy law." (Moving Brief at 16.) There is no evidence nor any suggestion that the movants seek to withdraw the reference to the bankruptcy court because they hope this Court will be more hospitable to their interests.

### IV.  CONCLUSION

Based on the above analysis, the Court grants the Haymount defendants' motion to withdraw the reference to the bankruptcy court. An appropriate order will be entered.

Dated: August 21, 2006

/s/   Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

cc: File
    Magistrate Judge Patty Shwartz