UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>INTERNATIONAL BENEFITS GROUP, INC.,<br><br>                Debtor.<br><br>JONATHAN KOHN, TRUSTEE<br><br>                Plaintiff,<br><br>v.<br><br>HAYMOUNT LIMITED PARTNERSHIP, LP, WESTMINISTER ASSOCIATES II, INC., HAYMOUNT CORPORATION, AND AMERICAN PROPERTY CONSULTANTS, LTD.,<br><br>                Defendants. | Civil Action No. 06-2363(KSH)<br><br><br>**<u>OPINION</u>** |

**<u>KATHARINE S. HAYDEN U.S.D.J.</u>**

**I.     INTRODUCTION**

International Benefits Group, Inc. ("IBG"), through its bankruptcy trustee, plaintiff Jonathan Kohn, asserts various state law claims arising from an alleged breach of contract against Defendants Haymount Limited Partnership, LP ("Haymount"), Westminster Associates II, Inc. ("Westminster"), and Haymount Corporation (collectively referred to as the "Haymount defendants"). The reference to the related bankruptcy proceeding was withdrawn on August 21, 2006.

On September 5, 2007, plaintiff filed a second amended adversary complaint asserting five counts, the first against Haymount for breach of contract, the second against APC for tortious interference with IBG's fee agreement, the third for common law conspiracy against Haymount and APC, the fourth against Haymount and APC for statutory civil conspiracy under Va. Stat. Ann. §§ 18-2.499 and 18-2.500, and the fifth (incorrectly denominated as the sixth) against APC only for unjust enrichment/quasi-contract.

On request of the parties, the Court has permitted briefing on whether the application of N.J. Stat. § 45:15-3 (license required for bringing action for compensation) ("the NJ broker licensing statute"), would effectively resolve the case in favor of Haymount due to IBG's admitted lack of a real estate brokerage license in helping to arrange financing for Haymount. IBG concedes that "if the New Jersey broker's licensing statutes are applicable herein, all claims asserted by plaintiff in this litigation are barred and the case must be dismissed in its entirety." (Pls.' Opp'n Br. 5.) Accordingly, Haymount has moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on these grounds. IBG has opposed and cross-moved to dismiss Haymount's affirmative defense based upon the NJ broker licensing statute. The record on these motions consists of the amended adversary complaint and the exhibits attached thereto.

## II. STANDARD OF REVIEW

The standard for deciding a motion for judgment on the pleadings made pursuant to Fed. R. Civ. P. 12(c) is identical to that under Rule 12(b)(6). Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). Therefore, in deciding whether plaintiff has stated any viable claims, all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). IBG's cross-

motion is framed as a motion for partial summary judgment, but that does not necessarily convert the 12(c) motion to one for summary judgment.  See Wausau Underwriters Ins. Co. v. State Auto. Mut. Ins. Co., 557 F. Supp. 2d 502, 511 n.24 (D.N.J. 2008) (quoting CitiSteel USA, Inc. v. GE, 78 F. App'x 832, 835 (3d Cir. 2003) ("Merely attaching documents to a Rule 12(c) motion . . . does not convert it to a motion under Rule 56. In ruling on a motion to dismiss, a trial court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. . . . Further, in ruling on the motion a court generally has discretion to address evidence outside the complaint.").  The Court will decide the motion under Rule 12(c) unless conversion is necessary.

### III.  DISCUSSION

In light of the Court's earlier opinion denying defendants' motion to dismiss (D.E. 39), the Court assumes familiarity with the facts.

Haymount's motion under N.J. Stat. § 45:15-3 came well over one year after its motion to dismiss on several other grounds, which was denied on June 28, 2007.  Its theory is, therefore, a late-breaking development in this rather protracted action.

Haymount asserts that IBG is barred from suing for a brokerage fee under New Jersey statutory law because neither IBG nor its representatives were licensed real estate brokers.  IBG concedes the fact that no IBG representative is a licensed broker, but counters that the New Jersey broker licensing statute wielded by Haymount is not applicable.

N.J. Stat. § 45:15-1, provides that "[n]o person shall engage either directly or indirectly in the business of a real estate broker . . . temporarily or otherwise . . . without being licensed to do so . . . ."  Further, "[n]o person, firm, partnership, association or corporation shall bring or

maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts mentioned in this article without alleging and proving that he was a duly licensed real estate broker at the time the alleged cause of action arose." N.J. Stat. § 45:15-3. As set forth in the statute, "[a]ny single act, transaction, or sale shall constitute engaging in business within the meaning of this article." N.J. Stat. § 45:15-2. Haymount contends that IBG's conduct falls squarely within the ambit of these statutes such that IBG cannot sue to recover its fee in New Jersey. In opposition, IBG's chief arguments are that New Jersey's broker licensing statute does not apply and that its claim against Haymount (for property situated in Virginia) should not be barred merely because the happenstance of IBG's bankruptcy resulted in a New Jersey forum for its claims.

Throughout the course of the litigation, the parties have, depending on the situation, changed their respective positions on whether New Jersey law applies. At the conclusion of its reply brief, Haymount quotes previous arguments wherein IBG posited that New Jersey had a strong interest in resolving this case, in order to show an inconsistency in IBG's position (in that IBG now argues New Jersey law is inapplicable). However, Haymount, which here argues that New Jersey law should be applied, earlier espoused a contrary position that "[IBG's] claims do not arise out of or have any connection with any conduct, activities, or occurrences in the State of New Jersey" and that "the *only* nexus that this action has to New Jersey is the fact that the Plaintiff resides there . . . . New Jersey has no other interest in the outcome of this case." (D.E. 61-2 (emphasis in original).)

Oddly, neither side references the Court's June 28, 2007 opinion (D.E. 39), which squarely addressed choice-of-law issues. In that decision, the Court conducted a choice-of-law

analysis for each of the then-existing counts, and as to the law governing the IBG fee agreement and the breach of contract claim, the Court found that New York law was applicable due to the express terms of the agreement, which stated that "[t]his agreement . . . . shall be governed by and construed under the internal laws (as opposed to the laws of conflicts) of the State of New York." (Id.)

This ruling implicates the "law of the case doctrine," which "limits re-litigation of an issue once it has been decided in an earlier stage of the same litigation." Hamilton v. Leavy, 322 F.3d 776, 786 (3d Cir. 2003) (quotation omitted).  The doctrine is meant to "promote finality, consistency, and judicial economy." Id. at 787.  Further, "because it prevents courts from entertaining endless appeals on the same issue, the doctrine promotes finality and judicial economy." Pub. Interest Research Grp. v. Magnesium Elektron, 123 F.3d 111, 116 (3d Cir. 1997).

It would be contrary to the law of the case to find that the formation, terms, and performance of the contract, although governed by New York law, do not encompass the identity and licensure status of IBG and its representatives.  IBG persuasively argues that their claims have been shoehorned into a New Jersey forum, and at times Haymount has agreed with this position.  Moreover, the purposes of the NJ broker licensing statute—to protect unwary consumers from "misrepresentation" and "incompetence"—are not disserved, since Haymount is a sophisticated real estate developer. Sammarone v. Bovino, 395 N.J. Super. 132, 138 (App. Div. 2007); see also Tobias v. Comco/America, Inc., 96 N.J. 173, 183 (1984) ("Defendants appear to be sophisticated businessmen experienced in real estate transactions. From that

perspective, foreclosing plaintiff from maintaining her cause of action would frustrate rather than fulfill the purpose of the act, the protection of consumers from unscrupulous brokers.")

Accordingly, because N.J. Stat. § 45:15-1 et seq. is not applicable, Haymount's motion under Rule 12(c) is denied. For the same reason, IBG's motion to strike Haymount's affirmative defense based upon New Jersey's broker licensing statute is granted.

### IV.  CONCLUSION

For the reasons discussed supra, Haymount's motion for judgment on the pleadings is denied. IBG's motion for partial summary judgment dismissing Haymount's affirmative defense under N.J. Stat. § 45:15-1 et seq. is granted.

An appropriate order will be entered.

/s/  Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.